UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DAVID WOODFORD,<br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br>Defendant. | ) ) ) ) ) ) ) ) ) | C.A. No. 12-111-M |

**MEMORANDUM AND ORDER**

Before the Court is Defendant CVS Pharmacy, Inc.'s Motion to Dismiss Plaintiff David Woodford's Amended Complaint ("CVS's" "Motion to Dismiss") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 15.) Mr. Woodford objected (ECF No. 16) to CVS's Motion to Dismiss, and CVS filed a reply memorandum. (ECF No. 17.) After review of the relevant pleadings, the Court DENIES CVS's Motion to Dismiss[1].

## I.   FACTS[2]

Mr. Woodford brings this lawsuit against CVS alleging wrongful termination in violation of the Florida Whistleblower's Act, Fla. Stat. § 448.102 (1991) (the "FWA"). (ECF No. 13 at 3-4.) At all relevant times, until his termination "on or about October 10, 2010," Mr. Woodford was employed as a registered pharmacist by CVS. *Id.* at 1. Both Florida state and federal laws require registered pharmacists to "exercise sound professional judgment" and to "make[] sure that a prescription for a controlled substance he[] is asked to fill is legitimate." *Id.* at 2. Under

---

[1] The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332; Mr. Woodford is a resident of Florida, and CVS is a corporation with its headquarters and primary place of business in Rhode Island.

[2] Facts are taken from the Amended Complaint (the "Complaint"), ECF No. 13.

Florida law, a pharmacist "who knowingly fills a prescription for a controlled substance of doubtful legitimacy is subject to criminal penalties." *Id.*

Mr. Woodford refused to fill a prescription for Oxycontin, a controlled substance, "after conducting [an] assessment . . . and determining that to fill the prescription would break [s]tate and [f]ederal law." *Id.* Mr. Mr. Woodford made his supervisor (also a CVS employee) aware of his refusal to fill the prescription and his reasons for refusing. *Id.* at 3. Mr. Woodford's supervisor ordered him to fill the prescription regardless of his concerns. *Id.* Mr. Woodford refused again and "was then" terminated for "insubordination." *Id.*

## II.   STANDARD OF REVIEW

To properly determine the merits of a motion to dismiss, the Court must "accept as true 'all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor.'" *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)). The FWA is a remedial statute and should be construed liberally. *Jenkins v. The Golf Channel a/k/a, TGC, Inc.*, 714 So. 2d 558, 563 (Fla. Dist. Ct. App. 1998) (citing *Schultz v. Tampa Electric Co.*, 704 So. 2d 605 (Fla. Dist. Ct. App. 1997)).

## III.   ANALYSIS

Mr. Woodford alleges that CVS wrongfully terminated him in violation of the FWA. (ECF No. 13 at 3.) CVS seeks dismissal of Mr. Woodford's Complaint because it fails to allege two of three requisite elements of an FWA claim. (ECF No. 15 at 3.) Mr. Woodford contends that his Complaint has stated a claim under the FWA sufficient to withstand dismissal under 12(b)(6). (ECF No. 16-1 at 1.)

In pertinent part, the FWA states that "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) [o]bjected to, or refused

to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3).  Florida law analyzes FWA claims under the same three part framework established for cases arising under Title VII of the Civil Rights Act of 1964. *McIntyre v. Delaize Am., Inc.*, 403 F. App'x 448 (11th Cir. 2010).  To successfully state a cause of action under Title VII, and therefore under the FWA, a plaintiff "must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quoting *Olmsted v. Taco Bell Corp.*, 141 F.3d 1457, 1460 (11th Cir. 1998)).  CVS claims that Mr. Woodford's Amended Complaint fails to satisfactorily allege the first and third of these elements.[3]  (ECF No. 15 at 3.)

Beginning with the first element, CVS maintains that Mr. Woodford has not, and cannot, allege that he engaged in statutorily protected activity.  (ECF No. 15 at 6-9.)  CVS relies on *McIntyre* to assert that Mr. Woodford failed to allege statutorily protected activity because he "has not shown that his employer itself had engaged in the requisite illegal activity, policy or practice." *Id.* (quoting *McIntyre v. Delaize Am., Inc.*, No. 8:07–cv–2370–T–30TBM, 2009 WL 1039557, at *9 (M.D. Fla. April 17, 2009)).  In *McIntyre*, the plaintiff-employee filed an FWA action against his employer alleging that he was terminated for complaining about the conduct of a fellow pharmacist.  The plaintiff-employee "believed" the fellow employee was distributing narcotics to drug-seeking clients. *Id.* at *2.  The *McIntyre* court granted summary judgment for the defendant-employer and stated "[a] violation of law by an employee as opposed to a defendant employer is irrelevant to, and cannot adequately support, a claim based on the FWA."

---

[3] There is no dispute that Mr. Woodford's termination satisfies the second requirement.

*Id.* at \*9.  CVS argues that *McIntyre* precludes any FWA claim that fails to allege illegal conduct on the part of the employer.[4]  (ECF No. 15 at 4-6.)

However, not all Florida courts agree with this interpretation of the statute. The United States District Court for the Southern District of Florida found that an airline employee had properly stated a claim under the FWA when she alleged that she was fired for objecting to a fellow employee unlawfully allowing a passenger to board a plane under a false name. *Pinder v. Bahamasair Holdings Ltd.*, 661 F. Supp. 2d 1348 (S.D. Fla. 2009).  There, the defendant airline made the same argument that CVS makes in this case:  that plaintiff's claim fails because it did not allege illegal activity by the employer. *Id.* at 1351.  The *Pinder* court rejected this reading of the FWA because it "would contravene the intent of the statute to protect workers and ensure compliance with safety regulations." *Id.* at 1352.  The *Pinder* court held that "even in spite of a company policy that forbade the conduct complained of, Florida courts are willing to hold employers liable for FWA violations when one employee complains about the conduct of another employee." *Id.*  The court reasoned that "a corporation can only act through its employees, and accordingly an employer can only violate regulations through the actions of its employees." *Id.*  The Court finds the *Pinder* court's rationale instructive and adopts its liberal interpretation of the FWA.  Violation of the FWA by an employee acting within the scope of her or his employment can support a claim based on the FWA.

---

[4]  *McIntyre* is distinguishable from the present case.  In *McIntyre*, the conduct complained of by the plaintiff was a discretionary task and the plaintiff presented no evidence that the dispensing pharmacist "did not properly exercise her judgment," and as such, no illegal activity was complained of.  403 F. App'x at 451.  Here, Mr. Woodford claims that he objected to fill a prescription because, using his discretion, he believed it would break the law.  The *McIntyre* case is also distinguishable from the present case because although the 11th Circuit affirmed the lower court's grant of Summary Judgment for the defendant, its holding focused on the defendant employer's proffered explanation for terminating the plaintiff; the court found that it was valid and not a pretext for violations of the FWA.  *Id.* at 451-52.

4

CVS further claims that Mr. Woodford's complaint must be dismissed because it fails to allege that "any of the complained of activity was by anyone acting within the legitimate scope of their employment." (ECF. No. 15 at 8.)  The *Pinder* court also addresses the issue of whether the conduct complained of was within the legitimate scope of the fellow employee's employment.   That court distinguished FWA claims in cases where the allegations by the plaintiff were of a fellow employee's misconduct that was not within the legitimate scope of that employee's employment. *Id.* at 1352-53.  For example, the court distinguished *Sussan*, 723 So. 2d at 934, as "merely stand[ing] for the proposition that stealing *from your employer* cannot be deemed an act of the employer." *Id.* at 1353.  The court found "no indication that the FWA was designed only to protect against violations that come directly from the top.   Rather, a more logical reading of the statute is that it was intended to encourage the reporting from within of violations by any employee within the company." *Id.* at 1352.  Here, the Court can reasonably infer that filling prescriptions and directing Mr. Woodford to fill prescriptions was within the legitimate scope of the supervisor's employment.

Therefore, Mr. Woodford's allegation that "his supervisor, also an employee of Defendant CVS, ordered Plaintiff to fill [the prescription] even after Plaintiff made her aware that it would break the law[]," (ECF No. 13 at 3), is adequate to allege that Mr. Woodford "refused to participate in . . . an illegal activity . . . of an employer" or an "illegal activity of anyone acting within the legitimate scope of their employment."  As such, Mr. Woodford has properly alleged the first element of an FWA claim.

Turning to the third element of an FWA claim, CVS asserts that Mr. Woodford has failed to properly state a causal connection between his statutorily protected expression and the adverse action he suffered. (ECF No. 15 at 9-11.)  The Court disagrees.  Mr. Woodford alleged that he

engaged in statutorily protected expression, and he "was then" terminated. (ECF No. 13 at 3.) To establish a causal connection, a plaintiff must show that "the decision-maker[s] [were] aware of the protected conduct," and "that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 590 (11th Cir. 2000) (internal quotation marks omitted). The Complaint does not allege a specific time period between the protected activity and the termination. However, as the Court must indulge all reasonable inferences in Mr. Woodford's favor, the "was then" language of the Complaint suffices to allege that the protected activity and the termination were not "wholly unrelated" for the purposes of the present motion.

CVS further argues that Mr. Woodford failed to allege with particularity who fired him or that the decision maker was aware of his activity. (ECF No. 15 at 8.) Mr. Woodford complained directly to his supervisor. (ECF No. 13 at 3.) At least one Florida court has allowed an FWA claim to survive a Summary Judgment motion on limited information regarding the decision maker's awareness of protected activity. In *Gleason v. Roche Labs., Inc.*, an employee alleged she was discharged for refusing to participate in an illegal off-label promotion of a drug that was not FDA approved. 745 F. Supp. 2d 1262, 1270 (M.D. Fla. 2010). There, the employee claimed her supervisor pressured her to participate in the promotion, that she refused and complained to that supervisor and human resources, and that she was subsequently terminated. *Id.* The *Gleason* court noted that it was unknown who made the decision to terminate the plaintiff. *Id.* The Court may infer that, without knowing who made the decision to terminate the *Gleason* employee, it was unknown whether the decision maker knew of the alleged protected activity. Reading the language of the Complaint and making all reasonable inferences in Mr. Woodford's

favor, the Court finds Mr. Woodford has sufficiently stated a causal connection between his statutorily protected expression and his termination.

## IV.    CONCLUSION

Mr. Woodford's allegations, accepted as true with all inferences reasonably indulged in his favor, state a claim for which relief could be granted. CVS's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States District Judge
November 2, 2012